[Crim. No. 323.   Fourth Appellate District.—December 17, 1935.]

THE PEOPLE, Respondent, v. FRANK ROSA et al., Appellants.

N. D. Meyer and Leland S. Kepler for Appellants.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendants were jointly charged with the crime of rape and, in a second count of the information, with the crime of kidnaping. A jury convicted the defendant Saucedo on both counts and convicted the defendant Rosa of the crime of rape. Judgments were entered and this appeal followed.

The main contention is that the evidence is not sufficient to support the verdicts. While it is conceded, as it must be, that

the story told by the prosecuting witness is sufficient, if believed, to support the verdicts it is contended that her testimony is so inconsistent, unreasonable and improbable as to make it unworthy of any belief and that it was not corroborated by any other evidence. A reading of the transcript discloses that this contention is without merit although it will serve no useful purpose to refer to the testimony here except in a most general way.

It appears without dispute that the complaining witness left a restaurant in the town of Westminster, in Orange County, shortly after 2 o'clock A. M. on June 23, 1935; that soon thereafter and about a block away she was taken into an automobile which was also occupied by the appellants and two other men; that the appellant Rosa drove this car some miles into the country; that Rosa stopped the car at the side of the road; that at least four of the party went a few feet into a beet field which adjoined the road; that there at least a part of the acts upon which the charges in the first count were based took place; that an hour or so later the four men returned to their homes leaving the complaining witness in the field; that about 4 o'clock A. M. she appeared at a near-by house where she aroused the occupants and told them her story; that they took her to the sheriff's office after which she was taken to a hospital; and that the appellants were arrested a few hours later.

With respect to the kidnaping charge, which affects only the appellant Saucedo, it is contended that the evidence is not sufficient to show that the complaining witness did not accompany the men voluntarily. Immediately after his arrest Saucedo made a statement to the officers which was taken down by a court reporter and which was introduced in evidence against that appellant alone. A portion of this statement strongly corroborates the story told by the complaining witness to the effect that she was taken into the automobile and to the spot in question against her will. Even the testimony of an independent witness, upon which the appellants particularly rely, is to the effect that the complaining witness stated that she wanted to be taken home and that the two men who took her to the car promised to take her home. An inference may fairly be drawn from even this evidence that she was induced to enter the car upon a false representation and thereafter taken in another direction. The evidence was

ample to sustain the verdict against Saucedo on the kidnaping charge.

With respect to the charge of rape as against the appellant Saucedo, the story told by the complaining witness is fully corroborated and the essential facts are freely admitted in the statement made by Saucedo. Further corroboration of the complaining witness' testimony, to the effect that she did not voluntarily submit to what took place in the beet field, is to be found in the condition of the ground and beets at that point, which indicated that a struggle of no small proportion had taken place, in the bruises and abrasions which were found on the body of the prosecuting witness, in the condition of her clothing, a part of which was found scattered around the place in question, and in the contradictory, inconsistent and unreasonable statements made at the trial by that appellant in his attempted explanation of what had occurred.

While the appellant Rosa maintained at all times and testified on the stand that he merely drove the car and that when they stopped beside the road he remained in the car and did not go into the field, the officers testified that they found the tracks of four men between the place where the car stopped and the place in the field where the offenses charged in the first count are alleged to have occurred. The shoes worn by this appellant when he was arrested fitted one set of these tracks and certain distinguishing and unusual marks on the heel of his shoes corresponded exactly with similar marks appearing on one set of tracks on the ground. While the appellant Rosa at first stated that he had gone to bed about 11 o'clock that night and that he had never seen the complaining witness, he later admitted and testified that he was present, and that he drove the car which was used.

It cannot be held that this story told by the prosecuting witness was so unreasonable or improbable as to be unworthy of belief, especially in view of the unreasonable and contradictory explanations made by the appellants, and she is not without considerable corroboration in the record. The evidence not only supports the verdicts but we find difficulty in seeing how a jury could reasonably have found that the complaining witness either voluntarily accompanied the four men to the place in question or voluntarily submitted to what there occurred.

█ The appellants contend that the jury panel was not selected in substantial compliance with the provisions of section 204 of the Code of Civil Procedure. A challenge to the panel had been interposed and was not sustained by the court. The contention is that one of the three judges in Orange County took the names of prospective jurors from a certain list, that in doing so he was not making a selection and that neither of the other judges had anything to do with the matter and, therefore, that a majority of the judges did not select the prospective jurors. Some evidence was taken in support of the challenge but the appellants failed to introduce any evidence to show that no other judge of this county took any part in the selection of the names of prospective jurors and, in the absence of any evidence to the contrary, we must assume that this official duty was regularly performed.

█ It is next contended that the court erred in not permitting certain witnesses to testify as to statements made by the prosecuting witness. It is claimed that while in the restaurant in Westminster she made certain lewd statements and accompanied the same with lewd actions and that this constituted an invitation to the appellants. The court admitted testimony as to her actions but sustained objections to questions calling for certain of the statements. Thereupon an offer of proof was made by the appellants as to what statements it was desired to have admitted in evidence. The appellants had at all times, and on the witness stand, denied that they were in the restaurant at all, and the offer of proof contains nothing to the effect that they had heard such statements or that they knew anything about their having been made. A further consideration is that the main statements referred to in the offer, and the essence of all of them, had previously been admitted without objection in the testimony of other witnesses. Anything else contained in the offer would have been merely cumulative. If it may be assumed that all offered statements should have been admitted, no reversible error appears.

█ The last point raised is that the court erred in refusing to give six instructions requested by the appellants. As to four of these the objection is entirely without merit as the court, in several other instructions, repeatedly and fully covered the same matters. The other two rejected instructions were directed to the point that the admission or declaration made

by the appellant Saucedo was not to be taken as an admission on the part of the appellant Rosa or to be considered against him. It may first be observed that the two instructions as offered by the appellants did not contain a correct statement of the law and, as offered, were properly refused. The statement made by the appellant Saucedo to the officers was admitted only as against him. It was in evidence that after this statement was made the appellant Rosa was brought into the presence of Saucedo whereupon Saucedo repeated the gist of his statement, and the appellant Rosa immediately denied the same, except as to the fact that he had driven the car, and immediately stated that he remained in the car while the others went into the field. In three other instructions which were given the court referred to the statement made by Saucedo and, in giving the law in connection therewith, left it to the jury as to whether this purported admission on his part was voluntarily given and limited its effect, if any, to the appellant Saucedo. While we think it would have been better to have given a correct instruction along the line suggested by these requested instructions there was no error in failing to give the instructions as asked for, and any possible error in this respect could not be held reversible under the circumstances of this case, especially in view of section 4½ of article VI of the Constitution.

The judgments appealed from are affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1936.